# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 25, 2012

## DAVID FERRELL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Warren County**
**No. M10896, M11032     Larry B. Stanley, Judge**

---

### No.  M2011-01554-CCA-R3-PC - Filed August 16, 2012

---

Petitioner, David Ferrell, was convicted in Warren County of failure to display a license, violation of the seatbelt law, and two violations of the vehicle registration law.  Petitioner represented himself at trial.  Petitioner was sentenced to an effective sentence of fifty days.  Petitioner appealed the convictions pro se, arguing that the trial court did not have subject matter jurisdiction over the case and "that he is not subject to the enforcement of traffic laws by local law enforcement authorities." *State v. David A. Ferrell*, No. M2007-01306-CCA-R3-CD, 2009 WL 2425963, at *1 (Tenn. Crim. App., at Nashville, Aug. 7, 2009), *perm. app. denied*, (Tenn. Feb. 8, 2010).  This Court upheld the convictions.  *Id.* at *3.  Petitioner subsequently filed a petition for post-conviction relief.  The petition was dismissed as untimely.  On appeal, the State conceded that the petition was improperly dismissed as untimely.  This Court agreed and reversed the dismissal of the petition.  *See David A. Ferrell v. State*, No. M2010-00696-CCA-R3-CD, 2010 WL 5625882, at *3 (Tenn. Crim. App., at Nashville, Dec. 28, 2010).  On remand, Petitioner sought recusal of the post-conviction judge.  The judge denied the motion and the matter proceeded to a hearing.  After the hearing, the post-conviction court denied post-conviction relief.  Petitioner now appeals.  After a thorough review of the record and applicable authorities, we affirm the post-conviction court's denial of post-conviction relief because Petitioner has failed to show by clear and convincing evidence that he is entitled to post-conviction relief.  Accordingly, the judgment of the post-conviction court is affirmed.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., Joined.

Benjamin A. Newman, McMinnville, Tennessee, for the appellant, David Ferrell.

Robert E. Cooper, Jr., Attorney General and Reporter, Cameron L. Hyder, Assistant Attorney General; and Lisa Zavogiannis, District Attorney General, for the appellant, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner was convicted in Warren County of failure to display a license, violation of the seatbelt law, and two violations of the vehicle registration law. As a result of the convictions, Petitioner was sentenced to an effective sentence of fifty days. Petitioner appealed the convictions pro se, arguing that the trial court did not have jurisdiction over his cases and that he is not subject to the enforcement of traffic laws by local law enforcement authorities. The factual basis for the convictions was summarized by this Court on direct appeal:

> This case arises from two traffic stops of the defendant; one by the McMinnville Police Department and one by the Tennessee Highway Patrol. On August 10, 2006, an officer with the McMinnville Police Department stopped the defendant after observing him operating a blue Mercedes with a license tag registered to a Chevrolet. The officer, who had prior knowledge that the defendant swapped license plates on his vehicles, stopped the vehicle when the defendant attempted to exit a parking lot and enter the street.

> The officer informed the defendant that his registration did not match his vehicle and asked for his driver's license and proof of insurance. The defendant told him that he did not have to provide anything to him because he was not a State Trooper and declined to produce a driver's license. The officer charged him with the offenses of driving a vehicle that was not properly registered and failure to display a license. The officer said that he later researched the defendant's license information and that it showed he had a valid license with no prior negative history.

> The second incident giving rise to this appeal occurred on November 25, 2006, when the defendant was stopped by a Tennessee Highway Patrolman for failing to wear a seatbelt and for driving an improperly registered vehicle.

*David A. Ferrell*, 2009 WL 2425963, at \*1. This Court upheld the convictions, determining that the Warren County Circuit Court had jurisdiction to hear and decide Petitioner's case and that "the state legislature may properly enact reasonable regulations requiring licensing and

registration of motor vehicles as it furthers the interests of public safety and welfare pursuant to its police power" and Petitioner did not provide "any rationale for this Court to depart from its prior precedent and is, therefore, not entitled to any relief." *Id.* at *2-3.

Subsequently, Petitioner sought post-conviction relief. The post-conviction court summarily dismissed the petition as untimely. Petitioner appealed. On appeal, the State conceded that the petition was actually timely and urged this Court to reverse the dismissal of the petition. *David A. Ferrell v. State*, 2010 WL 5625882, at *1. This Court determined that the petition was timely and reversed the matter for further proceedings. *Id.* at *2.

On remand, Petitioner filed a motion to recuse the post-conviction judge. The motion was denied. The post-conviction court then held a hearing on the petition for post-conviction relief. At the hearing, Petitioner, despite being appointed post-conviction counsel, insisted on representing himself. He claimed that the court was "forcing" him to represent himself because his appointed post-conviction counsel would not help him. Petitioner expressed his desire to "represent [himself] and say that [post-conviction counsel committed] ineffective assistance of counsel."

Petitioner declined to testify, calling appointed post-conviction counsel as his only witness. Post-conviction counsel did not represent Petitioner at trial. Petitioner represented himself pro se at trial on the underlying convictions.

Post-conviction counsel testified that Petitioner discussed the post-conviction case with him including an allegation by Petitioner that the trial court did not have subject matter jurisdiction. Post-conviction counsel testified that he did not think that allegation had any merit and did not think that it would be successful if included in the post-conviction petition. Petitioner claimed that counsel refused to subpoena witnesses, including the county attorney. Petitioner alleged that the county attorney would testify that Petitioner had already been tried for the offenses and could not have been indicted. Post-conviction counsel did not recall Petitioner asking to subpoena any witnesses. Petitioner could not explain why this issue was not presented at trial or on appeal.

Petitioner insisted that post-conviction counsel refused to help him and that he did not like post-conviction counsel who was appointed by the post-conviction court. Post-conviction counsel explained that he refused to seek an interlocutory appeal after the denial of the motion to recuse, and Petitioner was potentially angry at post-conviction counsel's refusal to file an interlocutory appeal. Post-conviction counsel explained that, in his mind, there was no basis for an interlocutory appeal.

Petitioner continued to argue that the court had no jurisdiction over him despite an earlier ruling from this Court on direct appeal that Petitioner was subject to the jurisdiction of the court. Further, Petitioner alleged that the indictment was insufficient because it failed to state the elements of the offense.

At the conclusion of the hearing, the post-conviction court found "no basis" for Petitioner to receive post-conviction relief and overruled the petition.

Petitioner appealed.

*Analysis*

*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or

resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In the case herein, Petitioner presented one witness at the post-conviction hearing: the attorney who was appointed to represent him on the post-conviction petition. Petitioner admittedly represented himself at trial. From Petitioner's argument at the hearing, it appears that he is merely trying to resubmit his challenge to the sufficiency of the evidence and the constitutionality of his arrest. A post-conviction proceeding is not the proper vehicle for challenging the sufficiency of the evidence. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (stating that "sufficiency of the convicting evidence is not cognizable in a post-conviction proceeding"). Further, this Court addressed the arguments advanced by Petitioner on direct appeal. *David A. Ferrell*, 2009 WL 2425963, at *2. Moreover, these issues have been previously determined. T.C.A. § 40-30-106(h) (stating that a ground for relief is "previously determined" if "a court of competent jurisdiction has ruled on the merits after a full and fair hearing"). Petitioner is not entitled to relief.

Petitioner's argument that the post-conviction judge should have recused himself is waived for failure to include a transcript in the record on appeal. It is the Petitioner's burden to prepare an adequate record for appellate review. *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). When a record is incomplete or does not contain a transcript of the proceedings about which a Petitioner complains, an appellate court is "precluded from considering the issue." *Id.* at 560-61; Tenn. R. App. P. 24(b). Petitioner is not entitled to relief.

Petitioner claims he was deprived of the effective assistance of counsel during his post-conviction proceedings. This issue cannot afford Petitioner any relief. There is no right under the federal or state constitutions to the effective assistance of counsel during post-conviction proceedings. *House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995).

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE